FILED
Mar 21, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re: EAST PALESTINE TRAIN DEREAILMENT<br>_____<br><br>REVEREND JOSEPH SHEELY,<br><br>    Interested Party-Appellant [No. 24-3852],<br><br>ZSUZSA TROYAN, et al.,<br><br>    Interested Parties-Appellants [No. 24-3880],<br><br>HAROLD R. FEEZLE, On Behalf of Themselves and All Others Similarly Situated, et al.,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, et al.,<br><br>    Defendants-Appellees. | O R D E R |

Before: CLAY, THAPAR, and DAVIS, Circuit Judges.

In these related cases, Interested Parties Reverend Joseph Sheely and Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno (collectively, "the Objectors"), appeal the district court's order approving the final settlement in this action arising out of the 2023 Norfolk Southern

train derailment in East Palestine, Ohio. The Objectors move in both appeals to eliminate or reduce the $850,000 appeal bond the district court ordered them to pay.

As an initial matter, we must determine how to construe the Objectors' motions. They seek to reduce or eliminate the appeal bond, though counsel admits to filing them as motions for a stay. That is how Plaintiffs responded to them—as seeking to stay enforcement of the district court's appeal bond order. In their replies, however, the Objectors challenge the "unfathomable contention that, because undersigned counsel, when filing the Motion to Eliminate or Reduce Appeal bond, chose 'motion for stay' from PACER's dropdown menu of limited options, this means the present motion is *actually* one for [a] stay," which evidently "defies comprehension by rational minds." They state that "[n]o appellant either seeks or desires such a stay," and instead are asking us to review the merits of the appeal bond decision. Assuming that we cannot construe a motion contrary to counsel's stated intentions, we lack jurisdiction to address the merits of the bond order in these appeals. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

The general rule is that a final order entered after judgment requires a separate notice of appeal. *See Beard v. AAA of Mich.*, 593 F. App'x 447, 455 (6th Cir. 2014) (holding that a separate notice of appeal was required for the court to review the award of costs); *Spithaler v. Smith*, 803 F. App'x 826, 831 (6th Cir. 2020) (requiring a separate notice of appeal for an award of sanctions). The Objectors offer no controlling authority stating that we may review, on appeal from a settlement agreement, the merits of a later bond order that has not been separately appealed. They rely on *Tennille v. Western Union Co.*, 774 F.3d 1249, 1253 (10th Cir. 2014), in which the Tenth

Circuit held that it had jurisdiction to review an appeal bond "as part of the underlying merits appeals" because the bond order was "entered 'in aid of the appellate court's jurisdiction.'" (quoting 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949.1 (4th ed. Sept. 2014)). But the cases cited by *Tennille* don't support that proposition because the appellants in those cases separately appealed the bond order. *See Hamstein Cumberland Music Grp. v. Williams*, 556 F. App'x 698, 699–700 (10th Cir. 2014) (order) (considering appeals from the orders denying a motion for a new trial and imposing an appeal bond together); *Jenson v. Fisher*, 99 F.3d 1149, 1996 WL 606505, at *2 (10th Cir. Oct. 23, 1996) (order) (disposing of multiple appeals, including one from a bond order, in the same order and judgment); *see also Martin v. Williams*, 960 F.2d 149, 1992 WL 76937, at *1 (6th Cir. Apr. 13, 1992) (order) (holding that the court lacked jurisdiction to review an order taxing costs that was not separately appealed).

To that end, our only avenue to address the appeal bond would be on a motion to stay, which the Objectors have definitively stated is not their intent. Even assuming we could construe these motions as seeking a stay, that relief is not warranted. First, the Objectors have not argued, let alone shown, that they are likely to succeed on the merits of their appeals from the final approved settlement. Second, they cannot show irreparable harm, in part because they could still obtain review of the bond order by filing a direct appeal from that order. *See* Fed. R. App. P. 4(a)(1)(A), (a)(5) (giving a party thirty days from the date of the order to file an appeal and allowing the district court to extend the time to file an appeal if the party moves for an extension within thirty days after the time to appeal has expired).

On a final note, we emphasize that "[a]dvocates have an obligation to treat the court and each other respectfully." *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005). We thus caution counsel for the Objectors that further use of inflammatory language will not be tolerated by this court. *See*

6 Cir. R. 46(b) ("An attorney admitted to practice in this court is subject to the rules of professional conduct . . . of the state where the attorney's principal office is located."); Tenn. Sup. Ct. R. 8, RPC Preamble [6] ("A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials."). This includes attacks on the district court and class counsel, both of whom counsel for the Objectors has accused of unprofessional conduct relating to these proceedings.

Accordingly, the motions to eliminate or reduce the appeal bond are **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk