Nos. 24-3852, 24-3880

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

IN RE: EAST PALESTINE TRAIN DERAILMENT

REV. JOSEPH SHEELY, ZSUZSA TROYAN, TAMARA FREEZE, SHARON LYNCH, CARLY TUNNO,

*Interested Parties-Appellants*,

HAROLD R. FEEZLE, SUSAN E. SCHEUFELE, DAVID J. SCHEUFELE, ROLLERENA AUTO SALES, LLC, ROSEMARY MOZUCH, CHARLES MOZUCH, JON LUKE AFFELTRANGER, MARILYN FIGLEY, EDWARD E. BARNHOUSE, on behalf of themselves and all others similarly situated; LAURA MANN et al.,

*Plaintiffs-Appellees,*

v.

NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK SOUTHERN CORPORATION,

*Defendants-Appellees*.

On Appeal from the United States District Court for the Northern District of Ohio, No. 23-cv-00242

## PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEALS

PAUL D. CLEMENT
MATTHEW D. ROWEN
KYLE R. EISWALD*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

* Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Plaintiffs-Appellees*

July 29, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ................................................................................................ 1

ARGUMENT ....................................................................................................... 2

CONCLUSION .................................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Azizian Federated Dep't Stores, Inc.*,
 499 F.3d 950 (9th Cir. 2007)..................................................................2

*Bowles v. Russell*,
 551 U.S. 205 (2007)...............................................................................6

*Elec. Workers Pension Trust Fund of Local Union #58*
 *v. Gary's Elec. Serv. Co.*,
 340 F.3d 373 (6th Cir. 2003).................................................................3

*In re Cardizem CD Antitrust Litigation*,
 391 F.3d 812 (6th Cir. 2004)......................................................... 2, 3, 7

*In re Polyurethane Foam Antitrust Litig.*,
 178 F.Supp.3d 635 (N.D. Ohio 2016)....................................................3

*May v. Apricus Biosciences, Inc.*,
 650 F.App'x 893 (6th Cir. 2016)...........................................................6

*Pharmacy Corp. of Am. v. Concord Healthcare Grp. LLC*,
 708 F.App'x 275 (6th Cir. 2018)............................................................3

*Toledo Metal Wheel Co. v. Foyer Bros. & Co.*,
 223 F. 350 (6th Cir. 1915).....................................................................6

*Ultimate Appliance CC v. Kirby Co.*,
 601 F.3d 414 (6th Cir. 2010).................................................................6

**Statute and Rule**

28 U.S.C. §2107(a) ....................................................................................5

Fed. R. App. P. 4(a)(1)(A)..........................................................................5

# INTRODUCTION

The derailment of Norfolk Southern Train 32N caused devastating injury to members of the community in and around East Palestine, Ohio. Given the scope and severity of those harms, class counsel worked tirelessly to secure a groundbreaking class-action settlement in record time. That settlement makes hundreds of millions of dollars available to affected individuals. But tens of thousands of claimants have yet to receive any proceeds from that settlement because of these appeals. The five objector-appellants are obviously entitled to challenge the settlement. But they are not entitled to disregard court orders. They nonetheless persist in doing exactly that: Despite having been ordered to post an appeal bond six months ago, Objectors still have not posted a cent or taken any timely action to stay, appeal, or comply with that order. This should end now. Objectors acknowledge that failure to pay an appeal bond furnishes grounds for dismissal. *See* Sheely.MTD.Opp.7, CA6.No.24-3852, Dkt.52-1.[1] And they admit that they have made no attempt to pay any part of the bond. Objectors' conduct thus equates to openly flouting a duly entered court order for half a year. This Court should not reward such defiance. In these circumstances, the proper remedy is to dismiss these appeals.

---

[1] Because Plaintiffs' motions to dismiss in cases No. 24-3852 and No. 24-3880 are substantively identical, and because the same is true for Objectors' responses in opposition in both cases, Plaintiffs will cite only to the motion and response filed in No. 24-3852 for the remainder of this reply.

**ARGUMENT**

Objectors agree that the three factors laid out in *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 818 (6th Cir. 2004), govern whether to dismiss these appeals in light of Objectors' failure to pay the appeal bond. Sheely.MTD.Opp.7. But they do little (if anything) to counter Plaintiffs' arguments under those factors.

**A.** The first factor assesses "prejudice to the other parties," i.e., the tens of thousands of non-Objector class members who are waiting to recover for their injuries. *Cardizem*, 391 F.3d at 818. As Plaintiffs highlighted in their motion, Objectors' appeals have caused (and continue to cause) significant prejudice to Plaintiffs and the rest of the class, as they have delayed the disbursement of settlement funds for more than nine months (and counting), leaving class members unable to move on from the terrible incident that precipitated this litigation. *See* Pltfs.MTD.5-7. Facts like these are exactly why this Court has made clear that such "delay[ in the] disbursement of settlement funds" counts as "prejudicing the other injured parties" in this context. *Cardizem*, 391 F.3d at 818.

Objectors' only attempt at a response is to quote an out-of-circuit case that they claim looked for prejudice specifically resulting from failure to pay the bond itself, not from the consequences of allowing the unsecured appeal to move forward. *See* Sheely.MTD.Opp.8 (quoting *Azizian Federated Dep't Stores, Inc.*, 499 F.3d 950, 962 (9th Cir. 2007)). But that is no response at all in this Circuit. *This Court* has

squarely held that parties suffer prejudice from "delay[ed] disbursement of settlement funds." *Cardizem*, 391 F.3d at 818.

And that "prejudic[e]" is particularly dramatic here. Objectors have offered nothing but defiance; they have not "ma[d]e a good faith proffer of a lesser amount," *id.*, or given an indication of "any intention to *ever* post the appeal bond," *Pharmacy Corp. of Am. v. Concord Healthcare Grp. LLC*, 708 F.App'x 275, 276 (6th Cir. 2018).

**B.** Similarly, Objectors fail to establish a "demonstrated justification for the[ir] failure to post the bond." *Id.* at 275; *see also* Bond.Order, R.733, PageID#51932-933 (so finding). Objectors' main argument here is to dispute the relevance of the fact that they are not proceeding *in forma pauperis*. Sheely.MTD.Opp.11. But, once again, Objectors ignore caselaw holding that a party's *in forma pauperis* status is relevant to said party's ability to pay an appeal bond. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 178 F.Supp.3d 635, 642 (N.D. Ohio 2016).

Objectors' attempt to insert an impossibility defense, Sheely.MTD.Opp.2, 3 n.1, likewise does them no good. The district court found that Objectors were able to comply with the bond order, Bond.Order, R.733, PageID#51932-933, yet they have taken no steps to comply with it—meaning they fail (at least) the first and third factors of the test outlined in *Electric Workers Pension Trust Fund of Local Union #58 v. Gary's Electric Service Co.*, 340 F.3d 373, 381-83 (6th Cir. 2003).

Objectors also misunderstand the import of their failure to ask this Court for a stay of the briefing schedule in these appeals until the bond issue was resolved. Their failure "proves" far more than just "that briefing deadlines were not extended by the appeal bond motion," Sheely.MTD.Opp.11; it undermines any assertion that an appeal bond would be prohibitive. Once again, Objectors fail to appreciate that they were not free to simply move forward with their appeal in open defiance of the bond order. They could have asked that the appeal be put on hold while they took some effort to satisfy or modify the bond order. Their failure to do so has consequences.

To be sure, Objectors claim to have "timely and properly challenged" the district court's bond order. Sheely.MTD.Opp.1, 16. But a quick case history proves the opposite. The district court entered the bond order on January 16, 2025. Bond.Order., R.733, PageID#51926. That order required Objectors to execute the bond within 14 days. *Id.* PageID#51937. At that point, Objectors had numerous options to "timely and properly challenge" the validity of the court's order. They could have filed a notice of appeal. They could have asked the district court to stay the bond order and/or moved for a stay in this Court. Objectors took none of those steps (or any other "proper[]" step). Instead, they filed motions in these already-existing appeals, asking this Court to reduce or eliminate the bond. Sheely.Mot., CA6.No.24-2852, Dkt.35-1; Troyan.Mot., CA6.No.24-3880, Dkt.40-1. This Court

correctly denied those motions on March 21, 2025, holding that it "lack[ed] jurisdiction to address the merits of the bond order in these appeals" outside the context of "a motion to stay, which the Objectors … definitively stated [wa]s not their intent." Order.2-3, CA6No.24-3852, Dkt.47; Order.2-3, CA6No.24-3880, Dkt.52.

Only then did Objectors move to extend the deadline to appeal the bond order (the default 30-day deadline had long since passed). Extens.Mot., R.876, PageID#60386; *see* 28 U.S.C. §2107(a); Fed. R. App. P. 4(a)(1)(A). But that motion was jurisdictionally out-of-time, so the district court denied it as untimely. Order.Denying.Extens., R.923, PageID#61235, 61237. And while Objectors have appealed the denial of their untimely extension motion, Objectors.Not.App., R.975, PageID#68814, the scope of that appeal is properly limited to the question of whether the district court abused its discretion in denying a jurisdictionally out-of-time motion that it had no choice but to deny. *See* Pltfs.Resp.Br.32-33, CA6.No.25-3342, Dkt.26 (collecting sources). Thus, to reiterate, Objectors have taken no valid step to "properly" challenge the bond order.

Objectors assert that the motions panel concluded that Objectors "had time remaining to seek an extension of time to directly appeal the bond order." Sheely.MTD.Opp.5. It did not. *See* Pltfs.Resp.Br.24-30, CA6.No.25-3342, Dkt.26 (explaining this in detail). Nor could it have done so. Plaintiffs have filed an entire

5

brief laying out why, *see* Pltfs.Resp.Br., CA6.No.25-3342, Dkt.26, but, in short: 21 U.S.C. §2107 sets the deadlines by which parties may appeal final district court orders. Those statutory deadlines are jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 210-14 (2007). Thus, district courts "'lack[] authority to grant' [a party's] untimely motion" to extend §2107's notice-of-appeal deadlines. *May v. Apricus Biosciences, Inc.*, 650 F.App'x 893, 895 (6th Cir. 2016) (quoting *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010)). Ignoring that clearly controlling caselaw, Objectors invoke a 110-year-old case and contend that this Court has an "established approach" of "refusing to strictly enforce time limits" in certain situations. Sheely.MTD.Opp.5 (citing *Toledo Metal Wheel Co. v. Foyer Bros. & Co.*, 223 F. 350, 351 n.1 (6th Cir. 1915)). That is anachronistic and wrong. Whatever might have been true during the Wilson Administration, post-*Bowles*, this Court has joined every other court of appeals in holding that §2107's time limits are jurisdictional and therefore not subject to any other kind of enforcement other than "strict." What is more, Objectors misunderstand *Toledo Metal*. All *Toledo Metal* says is that *a court's* failure to timely perform necessary steps to perfect an appeal (under a now-defunct statutory framework that required such action) does not affect the validity of an appeal so long as the appealing party timely fulfilled *its* appeal requirements. *See Toledo Metal*, 223 F. at 351 n.1 (noting that "appeal was allowed and the amount of

the appeal bond fixed, *within the prescribed time*" (emphasis added)). Here, the nonfeasance was not the Court's, but Objectors'.

In the end, Objectors cannot escape the reality that they failed to timely challenge the bond order, so their separate appeal cannot come to their aid here. Objectors have not justified their failure to pay the bond or "make a good faith proffer of a lesser amount." *Cardizem*, 391 F.3d at 818.

**C.** The final *Cardizem* factor assesses "the merits of the underlying appeal." *Id.* Inexplicably, Objectors spend five pages of this section in their responses on the merits *of the bond order*. *See* Sheely.MTD.Opp.12-16. Because the proper assessment under this factor looks to "the merits *of the underlying appeal*," *Cardizem*, 391 F.3d at 818 (emphasis added), Plaintiffs will not reply at length to that portion of Objectors' response.[2] As to the portion of Objectors' response that actually discusses the merits of the underlying appeal, *see* Sheely.MTD.Opp.17-19, Plaintiffs stand on the arguments in their motion to dismiss and merits response briefs. *See* Pltfs.MTD.11-13; Pltfs.Resp.Br., CA6.No.24-3852, Dkt.39; Pltfs.Resp.Br., CA6.No.24-3880, Dkt.44.

---

[2] Should this Court consider the merits of the bond, Plaintiffs respectfully direct the Court to Plaintiffs' response to Objectors' earlier motion to reduce or eliminate the bond. Pltfs.Resp.7-19, CA6.No.24-3852, Dkt.36.

7

## CONCLUSION

The Objectors have filed numerous briefs and pleadings in this Court, but they have not taken a single valid or timely step to comply with the bond order or seek its modification. That leaves tens of thousands of victims without security for these appeals and without compensation for their injuries. This Court should not allow that untenable dynamic to continue. The Court should dismiss these appeals.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
MATTHEW D. ROWEN
KYLE R. EISWALD[*]
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

[*] Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Plaintiffs-Appellees*

July 29, 2025

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,715 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced type-face using Microsoft Word 2016 with 14-point Times New Roman font.

Date: July 29, 2025

s/Paul D. Clement<br>
Paul D. Clement

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement  
Paul D. Clement